## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YVONNE E. KRICK | : | CIVIL ACTION - LAW |
| Plaintiff | : | |
| v. | : | NO. |
| GIANT FOOD STORES, LLC | : | JURY TRIAL DEMANDED |
| Defendant | : | |

## COMPLAINT

1. The amount in dispute in this matter does not exceed $150,000.00.

### JURISDICTION AND VENUE

2. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332, diversity of citizenship, because of the citizenship of the parties is diverse and the amount in controversy, including pendant claims, is in excess of $75,000.00.

3. Defendant is subject to the general jurisdiction of this Court in that it regularly conducts business in the Commonwealth of Pennsylvania having business locations in the Eastern District of Pennsylvania.

4. The injuries giving rise to this Complaint occurred at Defendant's supermarket location at 1100 Rockland Street, Reading, Berks County, Pennsylvania 19604 (the "Premises").

### THE PARTIES

5. The Plaintiff, Yvonne E. Krick ("Plaintiff" or "Ms. Krick"), is a resident of the Commonwealth of Pennsylvania having a residence at 1034 Ithaca Street, Reading, Berks County, Pennsylvania 19605.

6. The Defendant, Giant Food Stores, LLC ("Defendant" or "Giant") is a limited liability company organized under the laws of the State of Delaware having various business

{00931827 }

2

locations throughout Berks County, Pennsylvania including a location at 2104 Van Reed Road, West Lawn, Berks County, Pennsylvania 19609.

7. Defendant is a supermarket chain that, in addition to Pennsylvania, also operates in Maryland, Virginia, and West Virginia, among other places.

### PLAINTIFF'S INJURIES DUE TO DEFENDANT'S NEGLIGENCE

8. At all times material hereto, Ms. Krick was employed by SAS Retail Merchandising ("SAS") as a team captain.

9. SAS is in the business of developing and managing programs for retailers related to, among other things, new product placement in retail establishments such as Defendant's supermarkets.

10. At all times material hereto, SAS was an independent contractor retained by Defendant to design layout for placement of product in its supermarket locations.

11. At all times material hereto, Ms. Krick was in the course and scope of her employment with SAS.

12. On May 30, 2014, Ms. Krick was assigned by SAS to perform services for Defendant at its supermarket located at the Premises.

13. At all times material hereto, Ms. Krick was a business invitee of Defendant to whom the highest duty of care was owed, including, but not limited to, the duty to protect and the duty to warn.

14. On May 30, 2014, Ms. Krick was walking through the back end of Defendant's supermarket on the Premises when she was tripped by a floor mat that had been flipped/turned up on itself.

15. As a result of the floor mat tripping Ms. Krick, her balance was compromised and she fell forward.

16. Ms. Krick caught herself with her left arm and avoided striking the ground with her entire body.

17. Upon information and belief, Defendant or its employees, agents, or contractors, flipped/turned the floor mat, which ultimately tripped Ms. Krick, up on itself.

18. Ms. Krick believes and therefore avers that Defendant had the duty to maintain the floor of the Premises including, but not limited to the area where the floor mat was laid down.

19. Ms. Krick believes and therefore avers that Defendant also possessed the duties to warn its business invitees, including, but not limited to, Ms. Krick, of dangerous conditions at the Premises and/or protect them from the same.

20. Ms. Krick believes and therefore avers that Defendant knew or should have known of the condition of the floor mat and failed to take the proper steps to inspect said area and/or prevent the floor mat from being flipped/turned up onto itself.

21. Even though she was able to avoid her body striking the ground, Ms. Krick suffered serious and permanent injuries as a result of Defendant's negligence.

22. As a result of the aforesaid occurrences, Ms. Krick suffered serious and permanent injuries, including, but not limited to, a grade 2 left supraspinatus tear, torn left labrum, and various contusions and injuries to her left knee and hip.

23. As a result of the foregoing, a surgical procedure was performed on Ms. Krick's left shoulder at Berkshire Orthopedic Associates.

24. As a result of the foregoing, Ms. Krick was required to ingest various medications and pain killers, as well as undergo extensive physical therapy.

25. As a result of the foregoing, Ms. Krick has endured and will continue to endure great pain and suffering.

26. As a result of the foregoing, Ms. Krick has suffered and will continue to suffer from the diminution in her ability to enjoy life and life's pleasures.

27. As a result of the foregoing, Ms. Krick has been and may be required in the future to undergo medical treatment and/or procedures.

28. As a result of the foregoing, Ms. Krick has incurred and may continue to incur medical expenses related to the aforesaid treatment.

29. As a result of the foregoing, Ms. Krick has been unable to engage in her normal social, recreational, and family activities and may be unable to do the same for an indefinite period of time in the future.

30. As a result of the foregoing, Ms. Krick has been disfigured.

31. As a result of the foregoing, Ms. Krick has been and will continue to be unable to enjoy the usual activities of a person her age and has suffered, and will continue to suffer from the loss of enjoyment of life, the loss of happiness and the loss of the pleasures of life, all of which will be to her great financial detriment.

**YVONNE E. KRICK V. GIANT FOOD STORES, LLC**

(NEGLIGENCE, CARELESSNESS AND/OR RECKLESSNESS)

32. Paragraphs one through thirty-one are incorporated by reference as though more fully set forth herein.

33. The direct, proximate and foreseeable cause of Ms. Krick's injuries and/or the dangerous and/or deceptive conditions and/or occurrences referenced above was the concurrent negligence, carelessness and recklessness of Giant Food Stores, LLC, its agents, servants, workmen, employees and/or assigns, as follows:

A. In failing to exercise reasonable care under the circumstances to make the Premises safe;

B. In allowing the aforesaid portion of the Premises, particularly in the area of the store, to become unsafe and contain hidden and/or latent defects or hazards;

C. In failing to provide suitable or adequate warning of the aforesaid dangers, hazards or defects to be encountered when walking in the Premises;

D. In failing to exercise reasonable care under the circumstances to make the store safe for persons within the class of Ms. Krick, to wit: business invitees, considering the activity conducted on the Premises;

E. In failing to seek out, discover or correct artificial conditions representing a danger to persons such as Ms. Krick who are lawfully upon the Premises at the invitation of Defendant for Defendant's business purposes;

F. In creating or allowing to exist the illusion of safety for persons such as Ms. Krick who were attempting to walk in the store;

G. In failing to recognize that persons such as Ms. Krick would not know of the said conditions or had no reason to know of the said conditions and would, therefore, be unable to protect themselves against injury caused by such conditions;

H. In allowing a portion of the Premises, to become unsafe, especially in the area in the walkway where people travelled to shop in the store on the Premises;

I. In creating a dangerous, hazardous and/or unsafe condition on the Premises, especially in the area of the walkway;

J. In failing to warn persons such as Ms. Krick of the dangers of the hazardous conditions of the Premises that presented a foreseeable risk of injury and/or were unlikely to be observed by such persons of which Defendant knew or should have known existed;

K. In failing to post information and/or warning signs at or near the area of the walkway where Ms. Krick fell in order to warn her and others of the dangerous conditions then and there existing;

L. In failing to create a safe area for walking throughout the store on the Premises;

M. In allowing the mat to be flipped/turned up in the walkway where Defendant knew, or should have known that, business invitees would unexpectedly come upon it;

N. In failing to timely remedy the mat from being flipped/turned up after it knew or should have known of its existence;

O. In failing to take precautionary measures to prevent the mat from being flipped/turned up on itself;

P. In failing to properly instruct its employees, agents, and/or contractors to not flip/turn the mat up on itself; and

Q. In otherwise being negligent under the circumstances.

{00931827 }

34. As a direct, proximate and foreseeable cause of the aforesaid conditions and/or the occurrences and the concurrent negligence, carelessness and/or recklessness of Defendant in causing them, Ms. Krick sustained all of the aforesaid injuries and damages.

WHEREFORE, Plaintiff, Yvonne E. Krick, demands that judgment be entered in her favor against Defendant, Giant Food Stores, LLC, in an amount in excess of $75,000.00 as well as the costs of this suit.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

LEISAWITZ HELLER ABRAMOWITCH PHILLIPS, P.C.

Dated: 4/8/16

By: _____
Thad M. Gelsinger, Esquire
Attorney I.D. No. 208233
2755 Century Boulevard
Wyomissing, PA 19610
(610) 372-3500

*Attorneys for Plaintiff*

7

{00931827 }